[Doc. No. 20]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

COURTNEY BROWN,

        Plaintiff,

  v.

COLLECT IT, LLC and MARIA SANTIAGO a/k/a JULIE SOSA,

        Defendants.

Civil No. 13-2452 (JBS/AMD)

**REPORT AND RECOMMENDATION**

      In this Fair Debt Collection Practices Act litigation, 15 U.S.C. §§ 1692-1692p (hereinafter, "FDCPA"), Plaintiff Courtney Brown moves to enforce a settlement arising out of the Court's November 8, 2013 settlement conference, reduced to written terms shortly thereafter, and executed by Defendant Collect It, LLC. The Court decides this matter on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) in light of the dispositive nature of Plaintiff's requested relief. The Court has considered the various submissions, and conducted oral argument on May 8, 2014, with all counsel and Gary Campbell, the managing member of Defendant Collect It, LLC, appearing.[1] No party filed opposition to the pending motion.

---

[1] By Order dated March 25, 2014, the Court directed all counsel and Defendants to appear in person for oral argument on the

Counsel for Defendants[2] asserted on the record on May 8, 2014 that Defendant Collect It, LLC consents to the entry of judgment, and does not dispute the existence, execution, or terms of the parties' executed settlement agreement. Counsel for Defendants further asserted, however, that he has not discussed this litigation nor the proposed settlement with Defendant Maria Santiago a/k/a Julie Sosa since some time prior to the November 8, 2013 settlement conference. Consequently, for the reasons set forth herein, the Court recommends that Plaintiff's motion be granted, except to the extent Plaintiff requests the entry of judgment against Maria Santiago a/k/a Julie Sosa.[3]

---

pending motion at 2:30 P.M. on April 9, 2014. (See Order [Doc. No. 21].) On April 9, 2014, counsel for Defendants appeared telephonically, but neither the managing member of Defendant Collect It, LLC nor Defendant Santiago appeared in accordance with the Court's March 25, 2014 Order. The Court therefore directed all counsel, the managing member of Defendant Collect It, LLC, and Defendant Maria Santiago a/k/a Julie Sosa to appear in person at 10:00 A.M. on May 8, 2014. (See Order [Doc. No. 22], Apr. 10, 2014, 2.) Defendant Santiago again failed to appear on May 8, 2014 in accordance with the Court's April 10, 2014 Order.

[2] By Order dated July 18, 2014, the Court granted the motion of Gilbert W. Bates, Esquire (hereinafter, "Mr. Bates"), to withdraw as counsel for Defendants in this action. (See Order [Doc. No. 29], July 18, 2014, 3.)

[3] On the record on May 8, 2014, the Court raised the issue of the Plaintiff's requested relief with respect to Defendant Maria Santiago a/k/a Julie Sosa, in light of Defendant Maria Santiago a/k/a Julie Sosa's failure to execute the settlement agreement, to appear in accordance with Court Orders, and to communicate with counsel. For the reasons set forth infra, the Court recommends granting Plaintiff's motion, except to the extent

This litigation arises out of Defendants' attempts to collect a debt pursuant to a "bail bond obligation" purportedly incurred by Plaintiff in 2008.[4] (First Amended Complaint [Doc. No. 16], ¶ 17.) Plaintiff in this action generally challenges the propriety of Defendants' collection efforts, and seeks civil damages for Defendants' alleged violations of the FDCPA. (See generally id.) Plaintiff specifically alleges that Defendant Maria Santiago a/k/a Julie Sosa (hereinafter, "Santiago") contacted Plaintiff concerning an alleged debt in early 2013, and indicated that failure to render payment at that time would result in an "investigator[]" search of Plaintiff's residence. (Id. at ¶¶ 16-19.) By letters dated February 6, 2013 and March 12, 2013, Defendant Collect It, LLC then formally demanded $8,450.00 in consideration of the outstanding debt, but neither substantiated the amount owed, nor "the nature of the default that triggered Plaintiff's obligation to pay[.]" (Id. at ¶¶ 22-34.) Thereafter, in response to an inquiry from counsel for Plaintiff, counsel for Defendant provided a "'Payment History'" concerning the alleged debt, which Plaintiff asserts demonstrates that Defendants demanded an amount in excess of

---

Plaintiff seeks to enter judgment against Maria Santiago a/k/a Julie Sosa.

[4] On April 17, 2013, Plaintiff filed the initial complaint in this action (see generally Civil Cover Sheet [Doc. No. 1]), followed by an amended complaint on September 30, 2013. (See generally First Amended Complaint [Doc. No. 16].)

that owed by Plaintiff. (Id. at ¶¶ 37-43.) Plaintiff therefore alleges that Defendants' actions—namely, the purported misrepresentations concerning the debt and the alleged threats in the event of nonpayment—violated applicable provisions of the FDCPA. (See generally id. at ¶¶ 46-48.) Plaintiff accordingly seeks monetary damages for the "financial" harm, "emotional distress, anxiety, nervousness, fear, worry, and loss of happiness" she purportedly suffered as a result of Defendants' "deceptive" and "unconscionable" conduct. (Id. at ¶¶ 50-52.)

This action proceeded through pretrial discovery (see, e.g., Scheduling Order [Doc. No. 10], July 1, 2013), and the parties appeared before the Court on November 8, 2013 for a settlement conference.  In the pending motion, counsel for Plaintiff asserts that this matter verbally "settled in its entirety by verbal agreement" on November 8, 2013, and that the parties later formalized the terms of the settlement in a written agreement. (Pl.'s Certif. [Doc. No. 20-1], ¶¶ 3-5.) The settlement agreement and release appended to the pending motion releases all claims by and between the parties, and further provides that Defendant Collect It, LLC will pay Plaintiff $10,000.00 in full satisfaction of all claims. (Exhibit A [Doc. No. 20-1], 5-8 on the docket.)  On December 4, 2013, Mr. Bates provided a stipulation to enter judgment and the settlement agreement executed on behalf of Defendant Collect It, LLC.

4

(Pl.'s Certif. [Doc. No. 20-1], ¶ 4; see also Exhibit A [Doc. No. 20-1], 5-9 on the docket; Exhibit B [Doc. No. 20-1], 11-13 on the docket.)  The settlement agreement, however, lacked the signature of Defendant Santiago.  (Pl.'s Certif. [Doc. No. 20-1], ¶ 4.)  Despite numerous requests, counsel for Plaintiff asserts that he has neither received a fully executed settlement agreement, nor any payments in accordance with the terms of the agreement.  (Id. at ¶¶ 6-13.)  Mr. Bates asserts that he "transmitted a copy of the settlement agreement" to Defendant Santiago, but that she never returned an executed copy, nor responded to Mr. Bates' attempts to communicate with her.  (See Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶ 9, 11-12.)  Mr. Bates represents, however, that this action has "settled" and consents to the entry of judgment and to the entry of an order enforcing the parties' settlement agreement with respect to both Defendants.  (Exhibit C [Doc. No. 20-1], 15; see also Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶ 16 (noting that Plaintiff "can" file the stipulation of judgment "and pursue the defendants" in accordance with the judgment).)

Under New Jersey law, a settlement agreement constitutes a form of contract, and courts accordingly turn to "the general rules of contract law" in evaluating the construction and enforcement of such agreements.  Mortellite v.

5

Novartis Crop Prot., Inc., 460 F.3d 483, 492 (3d Cir. 2006); see also Alexander v. N.J. Dep't of Transp., No. 11-3348, 2013 WL 5180677, at *4 (D.N.J. Sept. 13, 2013) ("State law governs the enforcement of settlement agreements in federal court.") (citations omitted). In considering enforcement, courts "should honor and enforce" a "freely entered" agreement to settle a lawsuit, "absent a demonstration of fraud or other compelling circumstances[.]" Shernoff v. Hewlett-Packard Co., No. 04-4390, 2006 WL 3497798, at *2 (D.N.J. Dec. 4, 2006) (citing Borough of Haledon v. Borough of North Haledon, 817 A.2d 965, 975 (N.J. Super. Ct. App. Div. 2003)), aff'd, 302 F. App'x 83 (3d Cir. 2008). In accordance with traditional contract law principles, however, a contract arises only "'from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms.'" Finocchairo v. Squire Corrugated Container Corp., No. 05-5154, 2008 WL 305337 (D.N.J. Jan. 28, 2008) (quoting Excelsior Ins. Co. v. Pennsbury Pain Ctr., 975 F. Supp. 342, 349 (D.N.J. 1996)); see also Weichert Co. Realtors v. Ryan, 608 A.2d 280, 284 (N.J. 1992) ("A contract arises from offer and acceptance, and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'") (citations omitted). The party seeking to enforce the settlement bears the burden of demonstrating the existence of "a valid settlement" in

6

accordance with general contract law principles. <u>Abbott v. Tacconelli's Pizzeria, LLC</u>, No. 10-1901, 2013 WL 393491, at *5 (D.N.J. Jan. 30, 2013) (citing <u>Browne v. Poly-Chem Sys., Inc.</u>, No. L-2864-06, 2011 WL 9106, at *3 (N.J. Super. Ct. App. Div. July 1, 2010) (citation omitted)).

The Court need not engage in any protracted inquiry concerning whether Defendant Collect It, LLC manifested an intention to be bound by the settlement agreement. The Court finds that Defendant Collect It, LLC's execution of the settlement agreement on December 3, 2013, coupled with Mr. Bates' December 2013 representations concerning the implication and effect of that execution, provide ample indicia of the requisite intent with respect to Defendant Collect It, LLC. (<u>See, e.g.</u>, Exhibit A [Doc. No. 20-1], 5-9 on the docket; Exhibit B [Doc. No. 20-1], 11-13 on the docket (forwarding an executed stipulation to enter judgment against Defendants); Exhibit C [Doc. No. 20-1], 15-17 on the docket ("This case is settled."); Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1].) The Court further finds no dispute concerning the terms of the settlement agreement executed by Collect It, LLC, and notes that the managing member of Collect It, LLC consented to the entry of an order enforcing the settlement on the record on May 8, 2014 and to the entry of judgment against Defendant Collect It, LLC. The Court therefore

7

finds that the settlement agreement *executed* by Defendant Collect It, LLC constitutes a valid contract to which Defendant Collect It, LLC is bound. See In re Conrail/Teamsters 1992 Boycott Litig., MDL No. 943, 1994 WL 50319, at *2 (E.D. Pa. Feb. 14, 1994) (finding defendants bound by the provisions of the settlement agreement once executed); George v. Parry, 77 F.R.D. 421, 424 (S.D.N.Y. 1978) (finding defendants bound "by their voluntarily executed settlement agreement"). Consequently, the Court recommends that the District Court enforce the settlement agreement with respect to Defendant Collect It, LLC, and enter judgment against Defendant Collect It, LLC in favor of Plaintiff in the amount of $10,000.[5]

The Court next considers the enforceability of the settlement agreement with respect to Defendant Santiago, in light of the absence of Defendant Santiago's signature on the settlement agreement. As set forth supra, Mr. Bates acted as counsel of record for Defendants throughout this litigation,

---

[5] On the record on May 8, 2014, counsel for Plaintiff asserted that the Court also should award Plaintiff costs. However, Plaintiff has not set forth that request in her written submissions, nor provided any authority to support Plaintiff's entitlement to costs. Rather, Plaintiff's submissions request permission to enter judgment in the form provided to counsel for Plaintiff by Mr. Bates. (See Memorandum of Law in Support of Plaintiff's Motion to Enforce Settlement [Doc. No. 20-2], 4 (requesting that Plaintiff be permitted to file "the Stipulation to Enter Judgment"); Exhibit B [Doc. No. 20-1], 12 (stipulating that judgment be awarded "in the amount of $10,000.00").) Consequently, the Court recommends denial of the request for entry of costs at this time.

8

including appearing at the Court's November 8, 2013 settlement conference on behalf of both Defendants. Though New Jersey courts have concluded that merely "'[s]ending an attorney to a settlement conference presumptively establishes that the attorney has the authority to settle[,]'" Alexander, 2013 WL 5180677, at *5 (quoting Maiellano v. World Travel Grp., Inc., No. 06-5835, 2009 WL 605264, at *2 (D.N.J. Mar. 9, 2009)), Mr. Bates' certification does not demonstrate that Mr. Bates had authority to agree on Defendant Santiago's behalf to the entry of judgment. Mr. Bates specifically certifies that, prior to the Court's November 8, 2013 settlement conference, Defendant Santiago "authorized a settlement if Collect It, LLC agreed to pay the full settlement" and predicated her authorization on Defendant Collect It, LLC actually "making the payments" in accordance with the settlement agreement. (Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶¶ 5, 15.) Following the settlement conference, Plaintiff "forwarded a draft stipulation of judgment and a Settlement Agreement" for Mr. Bates' review. (Id. at ¶ 7.) Mr. Bates asserts, however, that he "modified the stipulation to provide that the judgment would only be against Collect[]It, LLC" as the party purportedly responsible for payment of any judgment. (Id. at ¶ 8.) Notwithstanding Mr. Bates' proposed modification, counsel for Plaintiff purportedly "insisted" upon Defendant Santiago's

9

inclusion in any judgment, and Mr. Bates certifies that he ultimately "acquiesced and arranged for the signing of the Settlement by Collect It, LLC" and by Defendant Santiago. (Id. at ¶ 9.) Defendant Collect It, LLC executed the settlement agreement on December 3, 2013 (see Exhibit A [Doc. No. 20-1], 5-9 on the docket); Defendant Santiago, however, neither returned an executed settlement agreement nor responded to Mr. Bates' various attempts to communicate with her. (Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶¶ 10-12.) The Court therefore finds that the record only supports Mr. Bates' authority to enter into a settlement on Defendant Santiago's behalf on terms that render Defendant Collect It, LLC the *sole* financially responsible party for the "full settlement." (Id. at ¶ 5.) Notwithstanding the narrow breadth of Defendant Santiago's represented settlement authorization, the settlement agreement permits Plaintiff to enter judgment in the full amount set forth in the settlement agreement against *both* Defendants. (See Exhibit A [Doc. No. 20-1], 6 on the docket ("As an additional security for the payment of Settlement Funds, Defendants authorize and agree to allow Plaintiff to immediately enter judgment against Defendants, in the amount of $10,000.00.").) The Court finds that Mr. Bates did not possess the authority to agree to the entry of judgment against

Defendant Santiago.[6] Rather, the record supports the conclusion that Defendant Santiago "authorized a settlement if Collect It, LLC agreed to pay the full settlement" and if Defendant Collect It, LLC "ma[de] the payments" required by the settlement agreement. (Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶¶ 5, 15.) The express terms of the settlement agreement appended to the pending motion clearly exceed that authority. Indeed, the settlement agreement specifically provides that, "[a]s an additional security for the *payment* of the Settlement Funds, *Defendants* authorize and agree to allow Plaintiff to immediately enter judgment against Defendants, in the amount of $10,000.00." (Exhibit A [Doc. No. 20-1], 6 on the docket (emphasis added).) Consequently, the settlement agreement specifically renders Defendant Santiago liable for *payments* required by the settlement agreement. (See id.) The Court finds the record insufficient to conclude that Defendant Santiago manifested an intention to be bound and consented to the settlement agreement to the extent the

---

[6] Moreover, as set forth supra, Defendant Santiago has not communicated with Mr. Bates since some time prior to the November 8, 2013 settlement conference. (Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶¶ 10-11.) Nor has Defendant Santiago appeared in accordance with the Court's Orders in order to clarify her position with respect to the settlement agreement. Mr. Bates further asserted on the record on May 8, 2014 that the United States Postal Service returned Mr. Bates' mailing of the motion to withdraw for "other reason" and that Defendant Maria Santiago a/k/a Julie Sosa's telephone number is no longer in service.

agreement enables Plaintiff to enter judgment against Defendant Santiago. See Amatuzzo v. Kozmiuk, 703 A.2d 9, 12 (N.J. Super. Ct. App. Div. 1997) ("The general rule is that unless an attorney is specifically authorized by the client to settle a case, the consent of the client is necessary. Negotiations of an attorney are not binding on the client unless the client has expressly authorized the settlement or the client's voluntary act has placed the attorney in a situation wherein a person of ordinary prudence would be justified in presuming that the attorney had authority to enter into a settlement, not just negotiations, on behalf of the client.") (citations omitted).

As set forth supra, counsel for Plaintiff certifies that "this matter settled in its entirety by verbal agreement" on November 8, 2013. (Pl.'s Certif. [Doc. No. 20-1], ¶ 3.) Mr. Bates similarly certifies that Defendants agreed that this "matter was settled in the amount of $10,000.00" at the settlement conference on November 8, 2013. (Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶ 5.) For the reasons set forth supra, the Court finds that Mr. Bates lacked the authority to authorize the entry of judgment on behalf of Defendant Santiago. (See, e.g., Pl.'s Certif. [Doc. No. 20-1], ¶ 3; Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶ 5.) The record, however, contains no indication that the entry of judgment constituted an

12

essential and material term at the time the parties "settled" this matter "in its entirety" during the Court's November 8, 2013 settlement conference.[7] (Pl.'s Certif. [Doc. No. 20-1], ¶ 3.)  Nor has counsel for Plaintiff set forth, in certified form, that the inclusion of a judgment against Defendant Santiago constituted an essential term to the parties' November 8, 2013 verbal settlement agreement.  Rather, the payment of $10,000.00 and the accompanying release appear to constitute the essential and principal terms verbally agreed to on November 8, 2013. (See, e.g., Pl.'s Certif. [Doc. No. 20-1], ¶ 3 ("this matter was settled in its entirety by verbal agreement"); Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶ 5 ("the matter was settled in the amount of $10,000.00").)  The inclusion of the entry of judgment, by contrast, appears to have been a post hoc addendum to the parties' November 8, 2013 verbal settlement agreement, which only arose in the context of the parties' preparation of the settlement documents. (Certification in Support of Motion to Withdraw as Counsel [Doc. No. 25-1], ¶¶ 7-9 (generally asserting that counsel for Plaintiff "insisted" that Defendant Santiago be included in any judgment *after* the parties agreed to settle this litigation).)

---

[7] Indeed, Mr. Bates' proposed modification gives rise to the inference that the entry of judgment against Defendant Santiago only arose *after* the parties verbally agreed to settle this litigation on November 8, 2013. (Id. at ¶ 8.)

13

The Court therefore finds that declining to enter judgment against Defendant Santiago does not avoid enforcement of the settlement verbally agreed to on November 8, 2013. See Willingboro Mall, Ltd. v. 240/242 Frankling Ave., LLC, 24 A.3d 802, 807 (N.J. Super. Ct. App. Div. 2011) ("The addition of terms to effectuate the settlement that do not alter the basic agreement will not operate to avoid enforcement of an agreement to settle a litigated matter.")

Consequently, for the reasons set forth herein, the Court respectfully recommends that the District Court grant Plaintiff's motion as unopposed to the extent it seeks to enforce the settlement and to enter judgment against Defendant Collect It, LLC, and also recommends that Plaintiff's motion be granted to the extent it seeks to enforce the settlement against Defendant Santiago, except with respect to the entry of judgment against Defendant Santiago.

**Any objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b)(2).**


                                    s/ Ann Marie Donio
                                    ANN MARIE DONIO
                                    UNITED STATES MAGISTRATE JUDGE

Dated: July 18, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY BROWN,<br><br>        Plaintiff,<br><br>  v.<br><br>COLLECT IT, LLC and MARIA SANTIAGO a/k/a JULIE SOSA,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-2452 (JBS/AMD)<br><br>**ORDER** |

      Presently before the Court is Plaintiff Courtney Brown's motion for an order enforcing settlement of this litigation (See Notice of Motion by Plaintiff to Enforce Settlement [Doc. No. 20]); and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they had fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local Civil Rule 72.1(c)(2), and no objections having been received; and the Court having considered the papers submitted by the parties; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown;

      IT IS on this ___ day of _____ 2014 hereby,

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Motion [Doc. No. 20] shall be, and hereby is, **GRANTED** to the extent it seeks to enforce the executed settlement and to enter judgment against Defendant Collect It, LLC; and **GRANTED** to the extent it seeks to enforce the settlement against Defendant Maria Santiago a/k/a Julia Sosa, except with respect to the entry of judgment against Defendant Santiago; and it is further

**ORDERED** that Plaintiff's informal request for costs shall be, and hereby is, **DENIED**; and it is further

**ORDERED** that judgment is hereby entered against Defendant Collect It, LLC in favor of Plaintiff Courtney Brown in the amount of $10,000.00; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

 _____
 Jerome B. Simandle
 Chief U.S. District Judge

2